IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN NOEL, TYLER NOEL,
BETSY BROUGHER and WILLIAM ATKINS,

                                      ORDER

              Plaintiffs,

                                  11-cv-379-bbc

    v.

HCC INSURANCE HOLDINGS, INC.,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In 2007, plaintiffs John Noel, Tyler Noel, Betsy Brougher and William Atkins sold Multinational Underwriters, LLC to defendant HCC Insurance Holdings, Inc. In this civil action, plaintiffs contend that defendant has breached various provisions of the purchase agreement and its duty of good faith and fair dealing. Defendant has moved to dismiss the case for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. I must resolve the jurisdictional question before the merits. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999).

In their brief, plaintiffs argue that the court may exercise general jurisdiction over defendant because Multinational Underwriters is organized under the laws of Wisconsin.

1

Although the general rule is that a subsidiary's contacts with a state may not be imputed to the parent, Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 788 n.17 (7th Cir. 2003), plaintiffs argue that the court should make an exception in this case because defendant "exercise[s] total control" over Multinational Underwriters. Plts.' Br. dkt. #15, at 16-17 (citing Rasmussen v. General Motors Corp., 2011 WI 52, — Wis. 2d. —, 2011 WL 258632). See also Insolia v. Philip Morris Inc., 31 F. Supp. 2d 660, 669 (W.D. Wis. 1998) (in determining whether subsidiary's contacts may be imputed to parent, court may consider "whether the parent managed the subsidiary with a degree of control greater than that normally associated with common ownership and directorship."). In particular, plaintiffs say that Craig Kelbel, an executive vice president for defendant, must approve nearly all business decisions for Multinational Underwriters, including personnel, spending, marketing and travel decisions. Brougher Decl., ¶¶ 12-24, dkt. #18.

With respect to specific jurisdiction, plaintiffs argue that jurisdiction is proper under Wis. Stat. § 801.05(5)(d), which applies to any action that "[r]elates to . . . documents of title . . . shipped from this state by the plaintiff to the defendant on the defendant's order or direction." In particular, plaintiffs say that they satisfy this requirement because they shipped their certificates of membership in Multinational Underwriters to defendant from Wisconsin. In addition, plaintiffs say that an exercise of specific jurisdiction is consistent with the due process clause because the dispute arises out of various Wisconsin contacts,

2

including defendant's purchase of a Wisconsin company and a purchase agreement that imposed continuing obligations on defendants to residents of Wisconsin.

In its reply brief, defendant argues for the first time that Kelbel's oversight of Multinational Underwriters cannot be classified as control by defendant because Kelbel is an officer for Multinational Underwriters as well. Dft.'s Br., dkt. #21, at 11 (citing Rinicella Decl., dkt. #22). In addition, it argues that a "document of title" applies only to transactions for goods, not the transfer of a company. Because plaintiffs have not had an opportunity to respond to these arguments, I will give them an opportunity to do so.

At the same time plaintiffs file their supplemental brief, they should file affidavits clarifying their citizenship. Plaintiffs rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that the plaintiffs are citizens of a different state from defendant. In their complaint, plaintiffs allege that they are "residents" of Wisconsin and Indiana. Dkt. #1, ¶¶ 1-4. However, the Court of Appeals for the Seventh Circuit has stated repeatedly that allegations regarding "residency" are not enough. Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008) ("They claim to be 'residents' of Arizona—an inadequate jurisdictional claim to begin with, as we repeatedly have reminded litigants and district judges."); Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir.

1998) ("An allegation of residence is inadequate."). The proponent of jurisdiction must show where each individual is *domiciled*, that is, where he or she intends to live for the foreseeable future. Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Residency and domicile may be the same for most individuals, but this court is obligated by circuit precedent to obtain more specific information. Plaintiffs properly alleged defendant's state of incorporation (Delaware) and its principal place of business (Texas), so plaintiffs need not include any additional information regarding defendant's citizenship at this time.

ORDER

IT IS ORDERED that plaintiffs John Noel, Tyler Noel, Betsy Brougher and William Atkins may have until September 14, 2011, to file and serve:

(1) a surreply brief addressing the questions whether Craig Kelbel's actions controlling operations of Multinational Underwriters, LLC can be imputed to defendant HCC Insurance Holdings, Inc. for the purpose of exercising jurisdiction over defendant and whether the certificates of membership for Multinational Underwriters are "documents of title" under Wis. Stat. § 801.05(5)(d);

(2) evidence showing the domicile of each of the plaintiffs.

If plaintiffs do not respond by that date, the case will be dismissed for lack of

4

jurisdiction.

Entered this 7th day of September, 2011.

                                            BY THE COURT:
                                            /s/
                                            BARBARA B. CRABB
                                            District Judge